**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUNRISE WIND LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior, *et al.*,<br><br>        Defendants. | C.A. No. 26-cv-00028-RCL |
| STATE OF NEW YORK *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the United States Department of the Interior, *et al.*,<br><br>        Defendants. | C.A. No. 26-cv-00072-RCL<br>(consolidated) |

**THE STATE'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

On February 27, 2026, defendants (together, Agency Defendants) moved for a 40-day stay of these consolidated cases, which seek judicial review of Bureau of Ocean Energy Management (BOEM) Acting Director Matthew Giacona's December 22, 2025 order requiring Sunrise Wind LLC (Sunrise Wind) to halt construction of the Sunrise Wind Project (the Suspension Order). Mot., ECF No. 43. Plaintiffs State of New York

and the New York State Energy Research and Development Authority (together, the State) join Sunrise Wind in opposing the requested stay.

The State's overriding interest is in the expeditious construction and commissioning of the Sunrise Wind Project, which will help New York meet its renewable energy goals and enhance the reliability of the electricity supply on Long Island, where electricity production is particularly constrained. *See* Mot. for Prelim. Inj. at 13–15, *New York v. Burgum*, No. 26-cv-00072 (D.D.C), ECF No. 9. A 40-day stay would postpone entry of a final judgment in this matter, thereby causing commercial uncertainty and possibly delaying the Project's completion.

Agency Defendants seek a stay for two reasons, neither of which justifies such relief. First, they point out that the Suspension Order expires on March 22, 2026, and assert that they and Sunrise Wind may "be able to explore a resolution of the present complaints without further litigation." Mot. at 5. That assertion is belied not only by the cursory nature of the discussions between Agency Defendants and Sunrise Wind, *see* Sunrise Wind Opp. at 7, ECF No. 44, but also by Agency Defendants' public statements indicating that they intend to continue to litigate this action. On February 11, 2026, when asked whether the Department of the Interior planned to appeal the decisions preliminarily enjoining the Suspension Order issued to Sunrise Wind and four other offshore wind developers, Interior Secretary Burgum responded: "Absolutely we are."[1] And in an interview published on February 26, 2026, one day

---

[1] Bloomberg Talks: *Doug Burgum*, at 10:10–19 (Bloomberg, Feb. 11, 2026), https://www.bloomberg.com/news/audio/2026-02-11/bloomberg-talks-doug-burgum-podcast.

before Agency Defendants filed their motion to stay, Secretary Burgum stated that "the plan is to continue to press forward through the legal system on [the five suspension orders]."[2]

Second, Agency Defendants contend that, absent a stay, they "would be forced to spend limited Department of the Interior and Department of Justice resources responding to two complaints containing 318 paragraphs and indexing BOEM's administrative record, despite the Suspension Order's impending expiration and the potential for further BOEM action."[3] Mot. at 5–6. As discussed above, Secretary Burgum has indicated that Agency Defendants have already decided to continue spending resources on this litigation. In any event, Agency Defendants are effectively asking the Court to stay this litigation to allow them to consider *another* action against Sunrise Wind—and they make that request in the face of the Court's issuance of a preliminary injunction enjoining their first action, the Suspension Order. Agency Defendants should not be relieved from litigating this case while they consider taking "a new final agency action," *id.* at 5, against Sunrise Wind, especially since any new

---

[2] Audrey Streb, Daily Caller News Foundation, *Exclusive: 'Did People Forget About 9/11?': Top Trump Official Warns of Wind Energy Security Risks*, at 4:57–5:35 (Feb. 26, 2026, at 12:52 p.m.), https://dailycallernewsfoundation.org/2026/02/26/did-people-forget-about-911-top-trump-official-warns-of-wind-energy-security-risks/.

[3] As Sunrise Wind observes, Agency Defendants have already answered similar complaints in *Revolution Wind, LLC v. Burgum*, No. 25-cv-02999 (D.D.C.), ECF Nos. 80–81, and have certified nearly identical administrative records in two other related cases, *Empire Leaseholder LLC v. Burgum*, No. 26-cv-00004 (D.D.C.), ECF No. 40, and *Vineyard Wind 1 LLC v. U.S. Dep't of the Interior*, No. 26-cv-10156 (D. Mass.), ECF No. 86. *See* Sunrise Wind Opp. at 11–12. It is hard to see how responding to the complaints and compiling the administrative record in this exceedingly similar action would strain Agency Defendants' resources.

action is likely to suffer from the same legal infirmities as the Suspension Order, *see* Sunrise Wind Opp. at 8.

For the foregoing reasons, the State asks that the Court deny Agency Defendants' motion to stay. Pursuant to Local Civil Rule 7(c), a proposed order is attached.

Dated:   New York, New York     Respectfully submitted,
       March 13, 2026

                                  LETITIA JAMES
                                  Attorney General of New York

By:    /s/ *Libby Dimenstein*
        Monica Wagner
          *Deputy Bureau Chief*
        Rene F. Hertzog
        Laura Mirman-Heslin
        Joya Sonnenfeldt
          *Assistant Attorneys General*
        Libby Dimenstein
          *Special Assistant Attorney General*
        Environmental Protection Bureau
        28 Liberty Street
        New York, New York 10005
        (212) 416-8469
        libby.dimenstein@ag.ny.gov

        Morgan Costello
          *Deputy Bureau Chief*
        Environmental Protection Bureau
        The Capitol
        Albany, New York 12224

4