# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Sunrise Wind LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **Douglas J. Burgum**, in his official capacity as Secretary of the Interior, et al., <br><br> Defendants. | Case No. 1:26-cv-00028-RCL <br><br><br> Case No. 1:26-cv-00072-RCL (consolidated) <br><br> **Federal Defendants' Answer to Sunrise Wind LLC's Complaint** |
| **State of New York, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **Douglas J. Burgum,** in his official capacity as Secretary of the Interior, **et al.**, <br><br> Defendants. | |

Federal Defendants U.S. Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; Bureau of Ocean Energy Management (BOEM); Matthew Giacona, in his official capacity as Acting Director of BOEM; Bureau of Safety and Environmental Enforcement (BSEE); and Kenneth Stevens, in his official capacity as Principal Deputy Director of BSEE, through counsel, answer the Complaint filed in case number 26-cv-28, Dkt. No. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Federal Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Federal

1

Defendants deny those allegations. Federal Defendants deny any allegation in the Complaint that is not specifically admitted, denied, or qualified in this Answer.

1.    The allegations in the first sentence of Paragraph 1 constitute Plaintiff's characterization of the case, to which no response is required, and purport to characterize the December 22, 2025, Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, they are denied. Federal Defendants further deny any violation of law. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 and deny them on that basis. Federal Defendants deny the allegations in the third sentence of Paragraph.

2.    Federal Defendants admit that the Sunrise Wind Farm and Sunrise Wind Export Cable (the "Project") is an offshore wind project located on the Outer Continental Shelf (OCS) and that it is planned to deliver electricity to the grid in New York. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 and deny them on that basis.

3.    Federal Defendants admit that BOEM along with several other Federal agencies reviewed and approved the Project, that BOEM's review of the Project began in 2020, and that BOEM approved the construction and operations plan (COP) for the project in 2024, but deny the remaining allegations in Paragraph 3.

4.    Federal Defendants admit that Sunrise Wind or its predecessor obtained a lease from BOEM after a multi-year process that involved consultation with the then-Department of Defense (DOD), that the review involved opportunities for stakeholder and public comment, and that Sunrise Wind obtained the authorizations indicated in Appendix A of the Final Environmental

Impact Statement for the project.  Federal Defendants deny the remaining allegations in Paragraph 4.

5.      Federal Defendants admit that construction on the Project commenced in 2024 and that, as of early January 2026, 44 of a planned 84 monopile foundations for the Project were installed.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first and second sentence of Paragraph 5 and deny them on that basis.  Federal Defendants admit the installation of the offshore converter station jacket and topside and the installation of the near-shore portion of the export cable.  Federal Defendants lack knowledge about the remaining allegations in the third sentence of Paragraph 5 and deny them on that basis.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 5.

6.      Federal Defendants admit that, at the time of the Complaint, the most recent bi-weekly meeting was on December 23, 2025. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 6.  Federal Defendants admit the allegations in the first and third sentences of Paragraph 6.

7.      Federal Defendants admit the allegations in the first and third sentences of Paragraph 7.  The allegations in the second sentence of Paragraph 7 are vague and ambiguous as to the dates of the meetings and who the BOEM and BSEE representatives were, and Federal Defendants deny them on that basis.  Federal Defendants admit that, in meetings that BOEM or BSEE representatives attended, agency personnel did not raise any national security concerns, but Federal Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in the fourth sentence of Paragraph 7 and deny them on that basis.

8.      Federal Defendants admit that the nameplate capacity of the Project as approved is 924 megawatts, but deny the remaining allegations in the first sentence of Paragraph 8.  The second

sentence of Paragraph 8 purports to quote and characterize a report by the New York Independent System Operator, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that report, Federal Defendants deny them.  Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 8 and deny them on that basis.

9.      Federal Defendants admit that the President issued a Presidential Memorandum entitled "Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects" on January 20, 2025. The remaining allegations in Paragraph 9 purport to characterize the Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Presidential Memorandum, Federal Defendants deny them.

10.     Federal Defendants admit that Secretary Burgum issued Secretary's Order 3437 on July 29, 2025. The remaining allegations in the first sentence of Paragraph 10 purport to characterize that Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Order, Federal Defendants deny them. The allegations in the second sentence are vague and ambiguous as to the phrase "public indication" and Federal Defendants deny them on that basis.  The third sentence of Paragraph 10 purports to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, Federal Defendants deny them.

11.     The allegations in Paragraph 11 purport characterize Executive Orders and the January 20, 2025, Presidential Memorandum, which speak for themselves and are the best evidence

4

of their contents.  To the extent the allegations are inconsistent with those documents, Federal Defendants deny them.

12.     Federal Defendants admit that BOEM issued an order to Revolution Wind and that the order referenced the Presidential Memorandum.  The remaining allegations in Paragraph 12 characterize that order, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that order, Federal Defendants deny them.

13.     The allegations in the first through fourth sentences in Paragraph 13 characterize court documents, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with those court documents, Federal Defendants deny them. Federal Defendants admit that BOEM's Acting Director issued a suspension order to Revolution Wind on December 22, 2025, but Federal Defendants deny the order was baseless or unlawful.  The remaining allegations in the fifth sentence of Paragraph 13 purport to characterize the order, which speaks for itself and is the best evidence of its content.  The extent those remaining allegations are inconsistent with the order, Federal Defendants deny them.

14.     The allegations in Paragraph 14 purport to characterize and compare three orders by BOEM, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with those orders, Federal Defendants deny the allegations.

15.     Federal Defendants admit that BOEM issued an order to Sunrise Wind on December 22, 2025.  The remaining allegations in Paragraph 15 purport to characterize that Order, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that Order, Federal Defendants deny them.

16.     Federal Defendants admit that the December 22 Order was issued without notice or a hearing.  The remaining allegations in Paragraph 16 characterize that Order, which speaks for

5

itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that Order, Federal Defendants deny them.

17. Federal Defendants deny the allegations in Paragraph 17.

18. Federal Defendants deny the allegations in Paragraph 18.

19. Federal Defendants admit that the December 22 Order was issued without notice or a hearing. Federal Defendants deny the remaining allegations in Paragraph 19.

20. Federal Defendants deny the allegations in Paragraph 20.

21. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22. Federal Defendants deny the allegations in Paragraph 22.

23. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26. The allegations in Paragraph 26 constitute Plaintiff's characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, deny any violation of law, and deny that Sunrise Wind is entitled to the requested relief or any relief whatsoever.

27. Federal Defendants admit the allegations in the first and second sentences of Paragraph 27. Federal Defendants deny the remaining allegations of Paragraph 27.

28. Federal Defendants admit the allegations of Paragraph 28.

29.    Federal Defendants admit the allegations of Paragraph 29.

30.    Federal Defendants admit the allegations in Paragraph 30.

31.    The allegations in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit that the Court has subject matter jurisdiction, but deny any remaining allegations.

32.    The allegations in Paragraph 32 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

33.    The allegations in Paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit that venue is proper in the District but deny any remaining allegations.

34.    The allegations in Paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit that the Order is a final agency action, but deny any remaining allegations.

35.    The allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit that Sunrise Wind was not required to pursue any further administrative relief, but deny any remaining allegations.

36.    The allegations in Paragraph 36 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Federal Defendants deny the allegations.

37.    The allegations in Paragraph 37 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Federal Defendants deny the allegations.

38.    The allegations in Paragraph 38 purport to characterize House and Senate Reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced reports, they are denied.

39.    Federal Defendants admit that BOEM has issued more than 39 commercial leases for wind development on the OCS and that the planned nameplate capacity of the 11 approved projects on those leases is greater than 19 gigawatts. Federal Defendants deny the remaining allegations in Paragraph 39.

40.    Federal Defendants admit that offshore wind leasing and development occurs under OCSLA and is subject to numerous standards.  The remaining allegations in Paragraph 40 purport to characterize the statute and those standards, which speak for themselves and are the best evidence for their contents.  To the extent the allegations are inconsistent with the statute or the standard, they are denied.

41.    Federal Defendants admit that BOEM has authority over development of offshore leases as laid out in OCSLA and BOEM's implementing regulations. The remaining allegations in Paragraph 41 purport to characterize the statute and regulations.  To the extent the allegations in Paragraph 41 are inconsistent with the statute or regulation, they are denied.

42.    The allegations in Paragraph 42 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

43.    The allegations in Paragraph 43 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

44.     The allegations in Paragraph 44 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

45.     The allegations in Paragraph 45 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

46.     The allegations in Paragraph 46 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

47.     The allegations in the first sentence of Paragraph 47 are vague and ambiguous as to which reviews and approvals are being referenced, and Federal Defendants deny the allegations on that basis. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 47 and deny them on that basis.

48.     Federal Defendants admit that BSEE collaborates with BOEM and that BSEE has a role in developing safety and environmental regulations for activities on OCS wind leases. Federal Defendants deny any remaining allegations in Paragraph 48.

49.     Federal Defendants admit the allegations in the first sentence of Paragraph 49. The remaining allegations in Paragraph 49 purport to characterize BSEE's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

50.     The allegations in Paragraph 50 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

51.     The allegations in Paragraph 51 purport to characterize and quote OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with OCSLA or those regulations, they are denied.

52.     The allegations in Paragraph 52 purport to characterize OCSLA and its implementing regulations which speaks for themselves and is the best evidence of their contents.  To the extent that those allegations are inconsistent with OCSLA or those regulations, Federal Defendants deny the allegations.

53.     The allegations in Paragraph 53 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

54.     The allegations in the first sentence of Paragraph 54 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.  Federal Defendants admit the allegations in the second sentence of Paragraph 54.

55.     The allegations in Paragraph 55 purport to characterize Sunrise Wind's lease, which speaks for itself and is the best evidence of its contents.  To the extent that those allegations are inconsistent with the lease, Federal Defendants deny the allegations.

56.     The allegations in Paragraph 53 purport to characterize and quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

57.     The allegations in the first sentence of Paragraph 57 purport to characterize Sunrise Wind's lease, which speaks for itself and is the best evidence of its contents.  To the extent that those allegations are inconsistent with the lease, Federal Defendants deny the allegations.  Federal

Defendants admit that Sunrise Wind was notified of the order on December 22, but deny the remaining allegations in the second sentence of Paragraph 57.

58. The allegations in Paragraph 58 purport to quote and characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

59. The allegations in Paragraph 59 purport to quote and characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

60. The allegations in Paragraph 60 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

61. The allegations in Paragraph 61 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

62. The allegations in Paragraph 62 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

63. The allegations in Paragraph 63 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

64.     The allegations in Paragraph 64 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

65.     The allegations in Paragraph 65 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations, Federal Defendants deny the allegations.

66.     The allegations in Paragraph 68 purport to characterize the December 22 Order, which speaks for itself and is the best evidence of its contents.  To the extent that those allegations are inconsistent with the Order, Federal Defendants deny the allegations.

67.     Federal Defendants admit that several agencies reviewed various aspects of the Project and that these reviews resulted in documents, which collectively are thousands of pages.  With respect to allegations in the last sentence of Paragraph 67, they are vague and ambiguous as to what reviews and documents are being referenced, and Federal Defendants deny the allegations on that basis.  Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and deny them on that basis.

68.     Federal Defendants admit that BOEM conducted a competitive lease auction for areas offshore Rhode Island and Massachusetts in 2013, but deny the remaining allegations in the first sentence of Paragraph 68.  Federal Defendants admit the remaining allegations in Paragraph 68.

69.     Federal Defendants admit that the lease auction followed BOEM's environmental review and environmental assessment, including consultation with DOW.  Federal Defendants deny any remaining allegations in the first sentence of Paragraph 69. The allegations in the second sentence of Paragraph 69 purport to characterize meeting materials, which speak for themselves

and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced materials, they are denied.

70.   Federal Defendants admit that there was an initial draft and a public comment period in 2012 for the May 2013 environmental assessment. The remaining allegations in Paragraph 70 purport to characterize the May 2013 environmental assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

71.   Federal Defendants admit the allegations in the first sentence of Paragraph 71. The remaining allegations in Paragraph 71 purport to characterize BOEM's Finding of No Significant Impact or the Federal Register notice announcing its availability, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in Paragraph 71 are inconsistent with those documents, Federal Defendants deny them.

72.   Federal Defendants admit the allegations in the first, second, third, fourth, and sixth sentences of Paragraph 72.  The fifth sentence of Paragraph 72 purports to characterize the Site Assessment Plan, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Site Assessment Plan, Federal Defendants deny them.

73.   Federal Defendants admit the allegations in Paragraph 73.

74.   Federal Defendants admit that Sunrise Wind submitted a COP to BOEM in September 2020 and that Sunrise Wind updated the COP throughout BOEM's review.  The remaining allegations in Paragraph 74 purport to characterize the COP, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the COP, they are denied.

13

75.      The allegations in Paragraph 75 purport to characterize the COP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the COP, Federal Defendants deny them.

76.      Defendants admit that Sunrise submitted Appendix Y1 to BOEM.  The remaining allegations in Paragraph 76 purport to characterize the COP or the ROD, which speak for themselves and are the best evidence of their contents.  To the extent that the remaining allegations in Paragraph 76 are inconsistent with those documents, Federal Defendants deny them.

77.      The allegations in Paragraph 76 purport to characterize the Navigation Safety Risk Assessment (an appendix to the COP), which speaks for itself and is the best evidence of its contents.  To the extent that the allegations in Paragraph 76 are inconsistent with that document, Federal Defendants deny them.

78.      Federal Defendants admit the allegations in the first sentence of Paragraph 78. Federal Defendants admit that there was a roughly two-and-a-half-year review period by several federal agencies with meetings and consultations.  Federal Defendants deny the remaining allegations in Paragraph 78.

79.      Federal Defendants admit the allegations in the first and second sentences of Paragraph 79.  The third sentence of Paragraph 79 purports to characterize the Final EIS, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that document, Federal Defendants deny the allegations.

80.      Federal Defendants admit the allegations in paragraph 80.

81.      The allegations in Paragraph 81 purport to quote or characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

82.     Federal Defendants admit the allegations in the first sentence of Paragraph 82.  The second sentence of Paragraph 82 purports to quote and characterize the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the remaining allegations in Paragraph 82 are inconsistent with the ROD, Federal Defendants deny them.

83.     Federal Defendants admit that BOEM sent Sunrise Wind the Conditions of Approval on the same day as the approval letter, but deny the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 purport to quote and characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

85.     The allegations in Paragraph 85 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

86.     Federal Defendants admit that Sunrise Wind and DOW entered into an agreement. The remaining allegations in Paragraph 86 purport to characterize that agreement, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the agreement, Federal Defendants deny them.

87.     The allegations in Paragraph 87 purport to characterize the COP conditions of approval for the Project, which speaks for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the conditions of approval, Federal Defendants deny them.

88.     The allegations in Paragraph 88 purport to characterize the Record of Decision, the COP, Final EIS, or the COP conditions of approval, which speak for themselves and are the best

evidence of their contents. To the extent that the allegations are inconsistent with any of those documents, Federal Defendants deny the allegations.

89. Federal Defendants admit the allegations in Paragraph 89.

90. Federal Defendants admit the allegations in Paragraph 90.

91. Federal Defendants admit that Project construction began onshore in July 2023. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and deny them on that basis.

92. Federal Defendants admit the allegations in the first and second sentences of Paragraph 92. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 92 and deny them on that basis.

93. Federal Defendants admit the allegations in the first sentence of Paragraph 93. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 93 and deny them on that basis.

94. Federal Defendants admit the allegations in Paragraph 94.

95. Federal Defendants admit the allegations in the first sentence of Paragraph 95. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 95 and deny them on that basis.

96. Federal Defendants admit the allegations in the first sentence of Paragraph 96. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 96 and deny them on that basis. Federal Defendants admit that Sunrise Wind planned to begin wind turbine generator installation in first quarter of 2026, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 96 and deny them on that basis.

97.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and deny them on that basis.

98.     Federal Defendants admit that Sunrise Wind ceased work in the manner required by the December 22 order prior to the Court's February 2, 2026 preliminary injunction order, but deny any remaining allegations in Paragraph 98.

99.     The allegations of Paragraph 99 purport to quote and characterize a statement by the President, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that statement, Federal Defendants deny any the allegations.

100.     Federal Defendants admit that a stop-work order was issued to the Empire Wind Project and was later rescinded. The remaining allegations in the first sentence of Paragraph 100 purport to characterize the Empire Wind Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied. The allegations in the second sentence of Paragraph 100 purport to characterize a news report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the news report, they are denied.

101.     The allegations in Paragraph 101 purport to characterize statements by the President, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied

102.     The allegations in the first and second sentences of Paragraph 102 purport to characterize statements by the President, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.  The allegations in the third sentence of Paragraph 102 are vague and ambiguous regarding the statements in questions and are denied on that basis.

103.   Federal Defendants admit the allegations in Paragraph 102.

104.   The allegations in Paragraph 104 purport to characterize a Presidential Memorandum and OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum and OCSLA, they are denied.

105.   The allegations in Paragraph 105 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

106.   The allegations in Paragraph 106 purport to quote and characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

107.   The allegations in Paragraph 107 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

108.   The allegations in Paragraph 108 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Executive Order, they are denied.

109.   The allegations in Paragraph 109 purport to characterize an Executive Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Executive Order, they are denied.

110.   The allegations in Paragraph 110 purport to characterize the August 22 Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that order, they are denied.

111.   The allegations in Paragraph 110 purport to characterize the August 22 Order and statements by the officials at the Department of the Interior, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that Order or referenced statements, they are denied.

112.   The allegations in Paragraph 112 purport to characterize the Secretary's interviews and news reports, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that referenced interviews or news reports, they are denied.

113.   The allegations in Paragraph 113 purport to characterize a news report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the news report, they are denied.

114.   The allegations in Paragraph 114 purport to characterize the President's statements. To the extent the allegations are inconsistent with that referenced statements, they are denied.

115.   The allegations in Paragraph 115 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied.

116.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and deny them on that basis.

117.   Federal Defendants admit that, at the time of the Complaint, the most recent bi-weekly meeting was on December 23, 2025, and that December 23 was they day after the December 22 Order.  Federal Defendants deny the remaining allegations in the second sentence of Paragraph 117.  Federal Defendants admit the remaining allegations in Paragraph 117.

118.    Federal Defendants admit the allegations in the first and third sentences of Paragraph 118. With respect to the second sentence, Defendants admit that representatives from BOEM, BSEE, and NOAA attended various meetings with Orsted's Marine Affairs team since September 2025. The remaining allegations in the second sentence are vague as to the number of attended meetings being alleged and Federal Defendants deny those allegations on that basis.  Federal Defendants deny the allegations in the third sentence of Paragraph 118.  With respect to the fourth sentence, Federal Defendants admit that no agency raised national security concerns at the meetings attended by BOEM and BSEE. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence and deny them on that basis.

119.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and deny them on that basis.

120.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and deny them on that basis.

121.    Federal Defendants admit the BOEM Acting Director issued a suspension order to Sunrise Wind on December 22.  The remaining allegations in Paragraph 121 purport to characterize the December 22 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied

122.    The allegations in Paragraph 122 purport to characterize the August 2025 Stop Work Order and December 22 Suspension Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with either order, they are denied.

123.     The allegations in Paragraph 123 purport to characterize the August 2025 Stop Work Order and December 22 Suspension Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with either order, they are denied.

124.     Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 124.  Federal Defendants admit that Sunrise Wind has requested access to the classified information and that BOEM, Interior, and (to Federal Defendants' knowledge) DOW has not granted Sunwise Wind or its representatives that access.  Federal Defendants deny the remaining allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 124.

125.     The allegations in Paragraph 125 purport to characterize the Suspension Order and public statements, which speaks themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the Order or the statements, they are denied.

126.     The allegations in Paragraph 126 purport to quote and characterize a press release, mitigation agreement, report from the Department of Energy, and the December 2025 Suspension Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

127.     The allegations in the first and second sentences of Paragraph 127 purport to characterize a declaration executed by Matthew Giacona, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced declaration, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 127.

128.     The allegations in Paragraph 128 purport to characterize statements by Secretary Burgum, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

129.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 129.  Federal Defendants admit Sunrise Wind ceased work in the manner required by the December 2025 Suspension Order prior to the Court's February 2, 2026 preliminary injunction order.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 129 and deny them on that basis.

130.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and deny them on that basis.

131.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and deny them on that basis.

132.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and deny them on that basis.

133.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and deny them on that basis.

134.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and deny them on that basis.

135.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and deny them on that basis.

136.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and deny them on that basis.

137.    Federal Defendants deny the allegations in paragraph 137.

138.    Federal Defendants admit that the planned capacity of the Project is 924 megawatts. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 and deny them on that basis.

139.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and deny them on that basis.

140.    The allegations in Paragraph 140 purport to characterize and quote a report by NYISO, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with that report, Federal Defendants deny them.

141.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 141 and deny them on that basis.  The remaining allegations in Paragraph 141 purport to characterize and quote New York State laws, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with those laws, Federal Defendants deny them.

142.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and deny them on that basis.

143.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and deny them on that basis.

144.    Federal Defendants are indirectly aware of the existence of a project labor agreement but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 and deny them on that basis.

145.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145.

146.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147.    Federal Defendants incorporate by reference their responses in the paragraphs above.

148.    The allegations of Paragraph 148 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

149.    The allegations in the first and second sentences of Paragraph 149 purport to quote and characterize Supreme Court opinions, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those opinions, they are denied. Federal Defendants deny the allegations in the third sentence.

150.    Federal Defendants deny the allegations in Paragraph 150.

151.    Federal Defendants deny the allegations in the first sentence of Paragraph 151.  The remaining allegations in Paragraph 151 purport to characterize or quote from various Orders that BOEM issued, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with those orders, Federal Defendants deny them.

152.    The allegations in the first sentence of Paragraph 152 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied. The allegations in the second sentence of Paragraph 260 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit the BOEM was required to comply with the APA in issuing the December 2025 Suspension Order but deny any violation of law.

153.    Federal Defendants deny the allegations in Paragraph 153.

154. The allegations in the first sentence of Paragraph 154 purport to characterize the Secretary's statements, which speak for themselves and is the best evidence of their content. To the extent the allegations are inconsistent with those statements, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 154.

155. Federal Defendants deny the allegations in the first sentence of Paragraph 155. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 155 and deny them on that basis.

156. The allegations in the first and fourth sentences of Paragraph 156 purport to characterize the Stop Work Order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Order, they are denied. The allegations in the second sentence of Paragraph 156 purport to characterize statements by the Secretary, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statements, they are denied. Federal Defendants admit that DOW has not granted access to the classified information. Federal Defendants deny the remaining allegations in Paragraph 156.

157. The allegations in the first and second sentences of Paragraph 157 purport to quote and characterize a press release and a statement by the Secretary, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the press release or referenced statements, Federal Defendants deny them. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 157.

158. Federal Defendants deny the allegations in Paragraph 158.

159. The allegations in the first sentence of Paragraph 159 purport to characterize the December 22 Order and a Declaration by Matthew Giacona, which speak for themselves and are

the best evidence of their contents. To the extent that the allegations are inconsistent with those documents, Federal Defendants deny them. Federal Defendants admit that BOEM issued the order on December 22, 2025, but deny any remaining allegations in the second sentence of Paragraph 159. The allegations in the third sentence of Paragraph 159 purport to characterize statements by the Secretary, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statements, Federal Defendants deny them. Federal Defendants deny the allegations in the fourth sentence of Paragraph 159.

160.     The allegations in the first and second sentences of Paragraph 160 purport to characterize the December 22 Order, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with Order, Federal Defendants deny them. The allegations in the third sentence of Paragraph 160 purport to characterize the DOD agreement, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the agreement, Federal Defendants deny them. Federal Defendants admit that BOEM did not give notice before issuing the December 22 Order, but deny the remaining allegations in the fourth sentence of Paragraph 160.

161.     Federal Defendants deny the allegations in Paragraph 161.

162.     The allegations in the second sentence of Paragraph 162 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that opinion, they are denied. Federal Defendants deny the remaining allegations in Paragraph 162.

163.     Federal Defendants admit that BOEM approved the COP. The remaining allegations in Paragraph 163 purport to characterize the ROD, which speaks for itself and is the best

evidence of its contents.  To the extent that the allegations are inconsistent with the ROD, Federal Defendants deny them.

164.    The allegations in the first sentence of Paragraph 164 purport to characterize the COP and its supporting administrative record, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the COP or the administrative record, they are denied.

165.    Federal Defendants deny the allegations in Paragraph 165.

166.    The allegations in the first sentence purport to characterize the APA and a Supreme Court opinion, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the statute or opinion, Federal Defendants deny them.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 166.

167.    Federal Defendants lack information and belief sufficient to form a belief as to the truth of the allegations in Paragraph 167 and deny them on that basis.

168.    Federal Defendants deny the allegations in Paragraph 168.

169.    Federal Defendants deny the allegations in Paragraph 169.

170.    The allegations in the first and second sentences of Paragraph 170 purport to characterize the December 22 Order, Secretary Burgum's interview statements, and a Press Release, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents or statements, they are denied.  Federal Defendants deny the remaining allegations in Paragraph 170.

171.    Federal Defendants deny the allegations in Paragraph 171.

172.    Federal Defendants deny the allegations in Paragraph 172.

173.    Federal Defendants incorporate by reference their responses in the paragraphs above.

174.    The allegations in Paragraph 174 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

175.    The allegations in Paragraph 175 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the statute, they are denied.

176.    The allegations in the first sentence Paragraph 177 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that Act, they are denied.  The allegations in the second sentence of paragraph 176 are legal conclusions, to which no response is required.  To the extent a response may be required, Federal Defendants deny the allegations.

177.    The allegations in Paragraph 177 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

178.    Federal Defendants deny the allegations in Paragraph 178.

179.    Federal Defendants deny the allegations in Paragraph 179.

180.    Federal Defendants deny the allegations in Paragraph 180.

181.    Federal Defendants incorporate by reference their responses in the paragraphs above.

182.    The allegations in Paragraph 182 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the Act, they are denied.

183.    The allegations in Paragraph 183 are legal conclusions, to which no response is required.  To the extent that a response may be required, Federal Defendants deny the allegations.

28

184.    The allegations in Paragraph 184 purport to characterize the December 22 Order, and OCLSA's implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the Order or the regulations, Federal Defendants deny them.

185.    The allegations in Paragraph 185 purport to characterize OCLSA's implementing regulations and OCSLA, which speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the regulations or the Act, Federal Defendants deny them.

186.    The allegations in Paragraph 186 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

187.    The allegations in Paragraph 187 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

188.    The allegations in Paragraph 188 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with OCSLA, Federal Defendants deny them.

189.    The allegations in Paragraph 189 are legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations.

190.    The allegations in Paragraph 190 purport to characterize OCSLA and Sunrise Wind's lease, which speaks for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with OCSLA or the lease, Federal Defendants deny them.

191.    The allegations in Paragraph 189 purport to characterize Sunrise Wind's lease, which speaks for itself and is the best evidence of its contents.  To the extent that the allegations are inconsistent with the lease, Federal Defendants deny them.

192.    The allegations in Paragraph 192 are legal conclusions to which no response is required.  To the extent that a response may be required, Federal Defendants deny the allegations.

193.    The allegations in the first sentence of Paragraph 193 are legal conclusions to which no response is required.  To the extent that a response may be required, Federal Defendants admit that Section 1341 does not apply and the Secretary of War had not, at the time of the Complaint, recommended suspension nor withdrawn areas for national defense, but deny the remaining allegations.  Federal Defendants deny the allegation in second sentence.

194.    The allegations in the first sentence of Paragraph 194 are legal conclusions to which no response is required.  To the extent that a response may be required, Federal Defendants admit that Section 1334(a)(1)(B) is not applicable here.  The allegations in the second, third, fourth, and fifth sentences purport to characterize OCSLA, the Order, or the lease, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those documents, they are denied.  Federal Defendants deny any violation of law.

195.    The allegations in the first sentence Paragraph 195 are legal conclusions, to which no response is required.  To the extent that a response may be required, Federal Defendants deny the allegations.  Federal Defendants deny the allegations in the second sentence.

196.    Federal Defendants incorporate by reference their responses in the paragraphs above.

197.    The allegations in Paragraph 197 purport to quote and characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that Act, they are denied.

30

198.    Federal Defendants deny the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 purport to quote and characterize the U.S. Constitution, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied.

200.    The allegations in Paragraph 200 purport to quote and characterize the opinions by the D.C. Circuit Court of Appeals, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those opinions, they are denied.

201.    The allegations in the second sentence of Paragraph 201 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 201.

202.    The allegations in the first sentence of Paragraph 202 purport to characterize the December 22 Order, which speaks for itself and is the best evidence of its own contents. To the extent that the allegations are inconsistent with that Order, Federal Defendants deny them. The allegations in the second sentence of Paragraph 202 purport to characterize an opinion by the D.C. Circuit Court of Appeals, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that opinion, Federal Defendants deny them.

203.    Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 203. The allegations in second and third sentences of Paragraph 203 purport to quote and characterize the due process clause and a judicial opinion. To the extent the allegations are inconsistent with the clause or the opinion, they are denied.

204.    The allegations in the first sentence of Paragraph 204 are legal conclusions, to which no response is required. To the extent that a response may be required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 204 purport to

characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion, they are denied. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 204 and deny them on that basis.

205. Federal Defendants deny the allegations in the first sentence of Paragraph 205. The allegations in the second sentence of Paragraph 205 are legal conclusions, to which no response is required. To the extent that a response may be required, Defendants deny the allegations. Federal Defendants admit that they did not raise the issues highlighted by the Stop Work Order with Sunrise Wind before issuing the Order. Federal Defendants deny the remaining allegations in the third, fourth, fifth, eighth, and ninth sentences of Paragraph 205. The allegations in the sixth and seventh sentences of Paragraph 205 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with either opinion, they are denied. Federal Defendants admit the allegations in the tenth sentence of Paragraph 205.

206. Federal Defendants deny the allegations in Paragraph 206.

207. Federal Defendants admit that the Department of the Interior received the classified information from DOW approximately a month before the Suspension Order and that the Suspenion Order issued on December 22, a few days before Christmas. Federal Defendants deny the remaining allegations in Paragraph 207.

208. Federal Defendants admit that the December 22 order was issued without notice or a hearing. Federal Defendants deny the remaining allegations in Paragraph 208.

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any allegations in Plaintiff's Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

April 9, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

_____s/ Kristofor R. Swanson_____
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMBER DUTTON-BYNUM
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-1937 (Swanson)
(202) 330-2694 (Dutton-Bynum)
kristofor.swanson@usdoj.gov
amber.dutton-bynum@usdoj.gov

*Attorneys for Federal Defendants*